may please the Court. This case presents a troubling violation of the white-line rule, of Rule 11 of Federal Rules of Criminal Procedure. In this case, the judge had an unconscionable level of involvement. I couldn't really see it from the transcript. What do you think was the fatal part? Well, when he endorses the strength of the government's case, when the defendant is before the court requesting to have his appointed counsel who's out of the country there to advise him about the applicability of the career offender provisions of the sentencing guidelines, this is a serious Sixth Amendment issue to be there with a novice attorney who is not able to properly give him advice regarding the consequences of his plea. This is a situation where a defendant has absolutely no idea, then, what the exposure is. Even the judge opined that this was a troubling thing if the applicability of the career offender guideline would be ---- Well, wait a minute. A judge is supposed to tell a defendant what he's looking at max. But you're saying if you tell a ---- if a judge tells a defendant what he's looking at max, then the judge is pressuring him to accept a plea bargain. So there's no way to proceed without reversible error. Well, here ---- this wasn't simply the judge stating a maximum sentence. This is in a pre-plea colloquy between the defendant and the judge regarding the exposure that he has to his offer. Here they were giving him a minimum mandatory of 5 years, which is entirely a lucery bargain in my view and I think in the Probation Department's view in its first or second bite at the apple in the pre-sentence report. So this is a case where a defendant is basically having his feet held to the fire. He's there with an attorney who's admittedly incompetent to advise him. The judge says, well, gee, this is a serious issue. And the prosecutor says, no, the deal's off the table, you're going to have to plead today or deal's off the table and no continuance, opposes a continuance. The judge doesn't even make a ruling regarding his request for continuance whether the deal's on or off the table, which I concede and admit that under the case law he cannot keep the deal on the table. In any event, the deal was an illusory bargain for the defendant. What do you mean an illusory bargain? The government said that it could prove a 10-year mandatory minimum. It could. And You're asking to go back and try for a 10-year mandatory minimum? Well, we ended up with the, with his, with the purity of the drugs used as a benchmark, his career criminal offender guideline application, his criminal history score. All of that put him way beyond any 60 months that he was looking at. So, you know, that was some kind of benefit. I'm at absolute loss to see what it was for him since the recommendation under the first plea bargain, under the first pre-sentence report was substantially higher than anything like 60 months. What does it matter? I mean, there isn't any rule in plea bargaining that you should never pay retail. Sometimes you can't get a deal because they have you called. There is a rule 11 does prevent the judge from endorsing the concept that the deal is good or not. And in here, we had the prosecutor's presentation that she had a very strong case against the defendant endorsed by the judge. Basically, he says, ah, and she says she has a very strong case against you. It's okay. You don't have to plead. I'm going to be here anyway, try cases. And he didn't Well, did he say the government has a strong case against you or she says the government has, she has a strong case against you? He parrots what she got through saying earlier that she has a very strong case. So all he's doing is he's just repeating what the government said? He's doing it in a context of pre-plea, which endorses the concept that, in fact, the government's strength, the case is high, it's strong. And so that's a coercive aspect of this colloquy here that was pre-plea that I believe There's an interesting case that I didn't cite. It's Rodriguez. It's out of the Fifth Circuit. It was an opinion by Judge Bullitt. Wait a minute. Why didn't you cite it? I hadn't uncovered it, but it's a very close fact pattern. Have you told the other side you're going to rely on this case? No, I have not. But it's not a controlling That's not good practice, is it? I apologize to the Court. But in any event, holding the defendant's feet to the fire, not granting a continuance under these circumstances, not allowing him to know what he is facing in terms of the application of the guidelines, all of this crosses that bright-line rule. And that bright-line rule in this context requires a disqualification. Now, Mr. Letellier did not sit on his rights in terms of raising the issue. He brought the issue to the Court's attention. As soon as I got on the case and saw that the colloquy was such as it was, we raised it by motion and also a motion to withdraw his plea. Judge Grant's motion to withdraw a plea, but doesn't grant us the disqualification. There's a number of things working when you have a Rule 11 violation. And it's viewed as a violation. Wait a minute. You said it was okay with the judge for the defendant to withdraw his plea, but the judge would not volunteer to recuse himself. That's correct. So in a sense, I'm saying you have no problem with the plea itself. Your problem is just keeping the judge. My problem was keeping the judge, and the impartiality had been breached. The line had been crossed. We had essentially, there isn't any case that I've read with a Rule 11 violation of this nature that it's okay for the judge to stay on and go ahead and sentence a defendant, regardless of the guilt, innocence issue. The objective appearance of, you know, objectivity here is gone. At what point then did you? Let's assume that you're correct regarding the Rule 11 violation. Just assume that, all right?  Where's the harm? Because that plea was vacated, and now you're claiming that the judge was prejudiced, and prejudice has nothing to do with a Rule 11 violation. So isn't your Rule 11 argument void? Well, no, it's not. When you consider what we had in the – every sentencing issue, as it related to calculation of guidelines, was decided adversely to Mr. Letelier. And, in fact, he didn't even get the additional point for acceptance of responsibility, which he should have been entitled to, because he already candidly admitted his involvement in this case at the first plea. And at what point did you ask the judge to recuse himself? Basically, after the plea came down, he sent a letter to Judge George requesting that he get new counsel. At that point, I accepted the case on an appointed basis. I ordered the transcript, discussed with my client what I believe to be Rule 11 violations, and he asked me to raise them in a motion, which I promptly did. So we did not – it's not a case like Rogers, where you have a guy who – No. I ask you, at what point did you ask the judge to recuse himself? I was about maybe two months into the case. After what? After he'd entered a plea pending sentencing and about a month before his sentencing date. After you'd received a report suggesting what the sentence was going to be? Yes, we had a pre-sentence report that was received. We also – And you didn't like it, and that's when you filed the motion to recuse? I didn't like what I read in the – in the – in the colloquy with the judge. That was the motivating factor, the fact that the probation department had basically – even on the first probation report, granted him the mercy of an additional level for acceptance of responsibility, something that later was denied him. So – but that was not the decision. That was not critical of the decision to raise the issue. It was the – it was the record that existed. I wasn't there at that – at that hearing. So we come – Sorry. Go ahead. Do you want the plea to stand but the sentencing to be redone? Is that what you're asking? That's what I'm asking, and I'm asking that it be done in front of a different judge and that that be a random reassignment. You made a motion to disqualify Judge George? Yes, I did. And what was the proceeding that followed that? Well, we had a hearing where the issue was raised and also the issue of withdrawing the plea in a separate motion, basically citing the same – Your whole argument was based upon the Rule 11 violation. Correct. Anything else besides that? No, Your Honor. Okay. I'm still having trouble getting a first base. I mean, I look through all the excerpts that you cite in your brief, and the judge says things like, well, you're fine or you're not fine, you've got to decide. If you decide to plead, I have to be here anyway. I don't mind trying the case, and we'll just go ahead, and she will withdraw the offer that has some benefit for you. And it's really up to you. And she's satisfied that she has a strong case, and I guess she hasn't tried a case for two weeks. She needs experience. I don't get it. What's the pressure to plead? The judge is saying he's indifferent. He's going to be coming to work in the morning whether the guy pleads or not. You know, when a judge endorses that the deal has some benefit, he is now getting out of the – The endorsement. I mean, what role he's to play under Rule 11, and he's getting down into the – Wait. Where's – you're talking generalities, and I'm asking for concrete facts. Tell me the dirty words. Where does the judge say what he should never have said? In the context of his not ruling on his request for a continuance, in the context that the later saying there's a deal – The guy had been dancing around with the Court for a long time, pleading, withdrawing his plea. He pleads on the eve of trial or on the morning of trial, and then he withdraws his plea. Judge Kleinfeld is asking you for the specific words that the judge said that trigger your position. That the deal has some benefit to you. He didn't say that. I didn't ask – show me the words. The words. The words. The words are cited in the brief. Show me the words. Okay. We've all got the brief. Listen to the question. All right. I apologize. And let's see. And she'll withdraw the offer that has some benefit for you. She'll withdraw, she will withdraw the benefit, the offer that has some benefit to you. That's Rt. 9303, page 8, lines 15 through 22. And then at the point that – The question is Rule 11 says a judge shall not participate. It doesn't make any difference whether he participates favorably or unfavorably to the defendant. The law is he shall keep his mouth shut. Isn't that right? And he didn't. And he didn't do it. And that's a violation. That's it. All right. But the violation was cured. Not when his impartiality has been compromised, he needs to be off the case. Okay. Thank you. Thank you, counsel. Counsel? Thank you, Your Honors. May it please the Court. Peter Levitch for the United States. The primary issue in this case is whether the district court imposed a reasonable sentence, where the court correctly calculated the advisory guideline range, sentenced the appellant to a term that was 74 months below the low end of that range, and because the answer to each question is yes, and because the district court's impartiality has been compromised. Counsel, you're talking to your notes rather than to us. The district court's impartiality cannot be reasonably questioned, Your Honor, on this record. Did the man get less than his guideline range? Yes, he did, Your Honor. He got a sentence of 74 months below the low end of the advisory guideline range. And this case was heard shortly after the Supreme Court decided Booker. And Judge George did a great job in assimilating that decision and almost instantly in anticipating this Court's in-bank decision in Ameline, and understanding that the guidelines were advisory, understanding that he still had to take them into account, still had to calculate them correctly, and apply them to the facts of the case within the overarching context of the sentencing goals of 3553A. That's precisely what the judge did. But rather than apply those guidelines in a mechanistic, stringent, pre-Booker manner, this Court delved into this defendant's background, his history, exhorted him to turn his life around despite his unbroken record of lawlessness, criminality and violence, and gave him a 74-month windfall. On the facts viewed against the backdrop of the law, this sentence was reasonable. To address many of the issues that the Court was posing to counsel for the appellant, Judge George, I would submit, did not do anything in this case to violate Rule 11. He did nothing that called his impartiality reasonably into question. But even assuming for the sake of argument that he did, Judge George let the defendant withdraw the original allegedly tainted plea. I'd like to talk about the Rule 11 issue. Yes, Your Honor. Assume there's a plea bargain outside a court between the defendant and you. Does the judge have to approve the plea bargain? The judge has to ---- Yes or no? Does he have to approve the plea bargain? Yes. All right. Now, if he has to approve the plea bargain, what process does he have to go through or should he go through in order to make up his mind to approve or disapprove it? The judge has to ---- He has to ask some questions, doesn't he? Yes, he does. He has to say something. He has to engage in a colloquy. Yes, Your Honor. What's the dividing line between asking questions to determine whether or not the plea bargain should be accepted or a violation of Rule 11? I think the dividing line is crossed, Your Honor, in cases like Worker, a Second Circuit case, where the judge in that instance obtains the PSR, the pre-sentence report from the probation office, and then advises that he's going to tell the defendant the sentence that the judge he's going to apply if the defendant pleads guilty. In that instance, the court is not merely engaging in a pre-plea colloquy to ensure him or herself of the legitimacy of the plea. Rather, in that instance, the judge is getting impermissibly involved. Well, see, the whole thing ---- the whole thing is really cockeyed when Congress says the judge shall not participate. Well, he has to participate in order to approve it. I agree that the judge has to participate to the extent that the judge has to engage in a colloquy with the defendant. The judge has to familiarize him or herself with the contents of the plea agreement. The judge has to understand the applicable law and understand how the plea agreement stacks up against the maximum statutory term of imprisonment. Can a judge say, this is a good deal, you better take it? I think that that is getting significantly closer to the line, Your Honor, that Rule 11. But not over it? Let's assume it's over. The judge says, this is a good deal, you better take it. Yes, Your Honor. I believe that that is a Rule 11 violation. The other side says that's, in essence, what happened here when the judge endorsed the prosecutor's statement that she had a good case. I would respectfully disagree with that assessment, Your Honor. That's not what happened on the facts in this case. Judge George had the defendant there with counsel explain to the defendant that the government had a deal on the table, the government, as offeror or was master of the offer, was permitted to say, if it's not accepted here at calendar call, it's going to be withdrawn, and the judge merely said what the then-assistant U.S. attorney on the case said, namely, that she thinks she has a strong case. The judge repeatedly advised the defendant that if he was concerned about any aspect of the plea agreement, about his then-unknown criminal history calculation, he was free not to plead and proceed to trial. Can the judge say the government has a good case against you? I believe that that is not a Rule 11 violation, but that is more egregious than what happened in this case, which was not egregious at all. Well, the other side says that what the judge said was tantamount to saying the government has a good case against you by parroting what the government said, which is we have a good case against you. I, again, respectfully disagree with that assessment, Your Honor. And I do not think that that constituted a Rule 11 violation endorsement of the strength of the government's case. I think the record, read in its totality, shows that the Court repeatedly advised the defendant that he was free to do whatever he wanted, that he could consult with his attorney, he could take some time and think it over, and if he had any doubts about any of the matters whatsoever, then in that instance he was free to go to trial. Suppose during the proceeding regarding the acceptance of the plea agreement, the trial judge looked at you and said, I think you're too harsh, counsel. Instead of the 25 years, I think you ought to give him 6. What would your position then be? On these facts, I would have disagreed with the Court. You would disagree and you would file a Rule 11 motion against him? No, Your Honor. I would have disagreed with the Court's assessment. Well, the judge says I'm not going to accept the plea agreement. Are your hands tied then? No. We'd proceed to trial. If the judge in the judge's discretion did not accept the party's plea agreement, we'd proceed to trial, or the defendant always retained the option of pleading straight up to the indictment without the benefit of the defendant. So Rule 11 then apparently applies only during the time of negotiation of a plea agreement. After the plea agreement is entered into, there's no Rule 11 violation. I can envision some circumstances, Your Honor, where after a plea agreement is struck and endorsed by a court, a court could engage in conduct that constituted a violation of Rule 11, but that did not happen in this case. Give me an example. Your Honor, at this moment, I cannot think of any. Counsel, let me ask you about the next step. We've been talking mostly about whether there was a Rule 11 violation, but ordinarily the cure for that is to allow withdrawal of the plea. Plea was withdrawn. It's over. The next step is, must a judge who committed a Rule 11 violation recuse himself from subsequent participation in the case? The case that the Blue Brief cited wasn't about that at all. It was about a judge who was on a board of trustees of a university or something that was a party. Is there a law one way or the other that says once a judge has participated in plea negotiations, he must recuse himself from further participation? I'm not aware of any binding precedent that makes that point, Your Honor. However, I believe that a judge who violated Rule 11 would, in that instance, have given a clear example of an inability to be impartial and believe that a failure to recuse himself after committing a Rule 11 violation may well constitute reversible error. To sum up, Your Honor, this defendant has an unbroken history of criminality. He received a sentence of 74 months below the reasonable, correctly calculated guideline range. It was plainly in accord with the sentencing principles embedded in 3553A, and the conviction and sentence should thus be affirmed. If the other side were to win and you were to lose, we would vacate the sentence, send it back, case would be assigned to another judge. Could he say, I don't see why Judge George gave the guy a 74-month discount. This is a real bad criminal. I'm not going to give him any discount and hammer him with a much tougher sentence. That may well happen, Your Honor. Thank you, counsel. Your time was expired, but go ahead and take 30 seconds if you like. Thank you, Your Honor. Your Honor, I believe that my view of your last comment would be that that would be a retaliation unless there were some new fact that would rise to the level of something that was significant to impact, say, an escape attempt or something of that nature for him to receive a harsher sentence. It would seem to indicate that. I hear you. Okay. Thank you, counsel. United States v. LaTellier is submitted. Next is Fyad v. Regents. I think that was submitted yesterday, wasn't it or wasn't it? No, that was the case where counsel asked us to, but we didn't. Is that right? The appellees asked us in an untimely manner to submit it and we did not. Counsel, my – I think you asked us yesterday to submit this case. It was kind of late. So it looks like we're going to hear it. Fyad v. Regents. Good morning, Your Honors. May it please the Court, I'm going to try to –
judges: Ferguson, Trott, Kleinfeld